STATE ex rel. HENRY OSTMANN, Appellant, v. WALDO P. HINES et al., Respondents.

**St. Louis Court of Appeals, May 3, 1910.**

1. **ASSAULT AND BATTERY: Sheriffs: Arrest Under Warrant: Evidence: Warrant Competent Evidence.** In an action on a sheriff's bond, for assault and battery alleged to have been committed on relator by the sheriff in making an arrest of relator under a warrant, it devolved on relator to show the officer was acting within the scope of his authority, in order to affix liability against a surety on the bond, and the warrant itself was the best evidence of that fact.

2. ———: ———: ———: ———: ———: **Exclusion Harmless Error.** But where the answer expressly admitted that the sheriff was acting under a warrant, the exclusion of the warrant was harmless error.

3. ———: ———: ———: ———: **Dismissal of Charge Immaterial.** That the charge against one, on which the warrant on which he was arrested was issued, was afterwards dismissed without prosecution, is immaterial in an action for assault and battery by the sheriff in making the arrest.

4. ———: ———: ———: **Powers of Officers.** An officer in making an arrest may use such force as appears to him at the time to be reasonably necessary to overcome the resistance put forward, but he is not required to nicely gauge the precise quantum of force necessary to overcome the resistance.

5. ———: **Prima Facie Case.** In a civil action for damages on account of an assault and battery between private persons, a prima facie case is made by merely showing defendant applied a very slight degree of force to plaintiff in anger, and it then rests with defendant to justify it.

6. ———: **Sheriffs: Arrest Under Warrant: Use of Necessary Force: Burden of Proof.** The burden of proof, in a suit against an officer and the surety on his bond for assault and battery by the officer in making an arrest under a warrant, is on the one suing, to show the officer used more force than was reasonably necessary to effect the arrest; not on defendants to show the contrary, the presumption being that he performed his duty in accordance with the law.

Appeal from Lincoln Circuit Court.—*Hon. James D. Barnett,* Judge.

AFFIRMED.

*Wm. H. Clopton, Frank Howell* and *R. L. Sutton* for appellant.

(1) The court erred in giving to the jury instruction No. 9 on behalf of defendants. The instruction is erroneous in that it places the burden on plaintiff to disprove the plea of justification set up in the answer. The answer admits the beating of plaintiff with fists and billy and undertakes to justify this violence by alleging resistance on the part of the plaintiff and that the beating was necessary to overcome the resistance and to protect the officers against plaintiff's assault. This was an affirmative defense. The warrant alone did not justify the use of force and violence. It was necessary to justify the force and violence admitted to have been used by defendants, for the defendants to allege and prove that forcible resistance or an attempt to escape was made. R. S. 1899, sec. 2541; State v. Hancock, 73 Mo. App. 22; State v. Mahon, 3 Harr. (Del.) 569; Daily v. Houston, 58 Mo. 369; Thomas v. Werremeyer, 34 Mo. App. 671; Sloan v. Speaker, 63 Mo. App. 325; O'Leary v. Rowan, 31 Mo. App. 119; Happy v. Prichard, 111 Mo. App. 10; Orscheln v. Scott, 90 Mo. App. 366. (2) The rule is that a party alleging an affirmative defense has the burden of proving such defense. Cox v. Railroad, 128 Mo. 362; State ex rel. v. Fidelity & Deposit Co., 94 Mo. App. 197; Rivers v. Glass Co., 81 Mo. App. 379; Bank v. Taylor, 69 Mo. App. 105; Grier v. Railroad, 108 Mo. App. 569. (3) This is always the rule where the defendant pleads in confession and avoidance. St. Louis Tow Co. v. Orphan B. I. So., 52 Mo. 530; Whiteside v. Tall, 88 Mo. App. 172; Gray's Harbor Com. Co. v. Bank, 74 Mo. App. 638. (4) It is universally held that, where the defendant justifies under the plea of *son assault demesne,* the burden of proof is on the defendant to show by a preponderance of the evidence that the plaintiff

State ex rel. v. Hines.

committed the first assault and that the defendant used no more force than was reasonably necessary to defend his person against plaintiff's first assault. Happy v. Prichard, 111 Mo. App. 10; Orscheln v. Scott, 90 Mo. App. 366; Rogers v. Waite, 44 Me. 277; Gizler v. Witzel, 82 Ill. 326; Fredrick v. Gilbert, 8 Pa. St. 456; Manson v. Lewis, 101 N. W. (Wis.) 1095; Morgan v. Mulhall, 214 Mo. 459; Johnson v. Daily, 136 Mo. App. 534.

*Norton, Avery, Woolfolk & Young, Theodore C. Bruere* and *C. W. Wilson* for respondent.

(1) The instructions given by the court cover fully every phase of the case. Where this is true a judgment will not be reversed, even though the trial court refused to give some instructions that properly declared the law. Keen v. Schnedler, 92 Mo. 516. (2) The plaintiff's refused instructions were not proper declarations to go to the jury and were properly disallowed by the trial court. (3) The instructions given to the jury at the instance of the defendants were proper declarations of the law of the case. (4) The plaintiffs asked and the court at his request gave instructions which announced to the. jury as the law of the case, the same doctrine that is contained in the instructions given at the instance of the defendants, to which he now objects. He will not be heard to complain that the instructions are erroneous. Keen v. Schnedler, 92 Mo. 516.

NORTONI, J.—This is a suit for damages alleged to have accrued to relator as a result of an assault and battery. The finding and judgment were for defendants and relator prosecutes the appeal. The suit proceeds against defendant Hines as sheriff and the American Bonding Company, the surety on his official bond, as for an unlawful assault under color of his office. The testimony on the part of the relator tended to prove that while he, in company with his son, a grown man,

was walking down a street in the city of St. Charles, the defendant sheriff, together with his deputy Kelsick, accosted him with the remark that he had a warrant for his arrest. Relator says he requested the defendant to read the warrant, which he did, and that after reading it he requested the defendant to read it a second time, which he declined to do, but instead laid hold of relator in a rude and angry manner as though he intended to take him to jail. Relator and his witnesses testified that, notwithstanding he said he would go willingly with the defendant, the sheriff's deputy struck him a heavy blow with his fist and knocked him down in the street and that this assault was immediately followed up by the defendant sheriff, who hit him several blows over the head with an instrument known as a rubber "billie."

On the part of defendant, the testimony tends to prove the sheriff had a warrant for relator directing his arrest on the charge of having committed a misdemeanor and he, in company with his deputy Kelsick, accosted relator on the street and informed him of the fact; that thereupon relator requested the defendant sheriff to read the warrant, which he did, and after having read it once to relator he insisted the sheriff should read it a second time. The sheriff and his deputy testified that the sheriff requested the relator to accompany him to the office of the justice of the peace and he would further explain the warrant to him, which relator declined to do, saying, "I won't do any such a d—n thing." The defendant sheriff further says that thereupon he reached out to take hold of the relator and relator struck at him with his fist, which blow he dodged; that just at that time Kelsick, the deputy, hit relator and knocked him into the street. As the deputy sheriff struck relator, his son, Henry Ostmann, Jr., leveled a blow at defendant which blow the defendant dodged as well and in turn hit relator's son on the head with his fist. By that time Ostmann was fighting the sheriff's deputy Kelsick in the street with great force, and defendant, to the end of

subduing him, hit the relator over the head two or three blows with a rubber "billie." Having thus in a measure overcome relator, the two officers took him by the arms, one on either side, and marched him backwards for nearly a block up the street to the jail.

The theory of the case on the part of relator is that he made no resistance whatever at the time the sheriff took him into custody and the assault upon him was without any justification. He says, too, that when he was being pushed backwards by the officers up the street to the jail, he repeatedly requested them to desist their force and permit him to go to the office of the justice of the peace and make a bond for appearance. On the other hand, it is the theory of the defendants, and their testimony tends to prove, that relator resisted the arrest from the first with great force and besides making an assault upon the defendant sheriff and his deputy even resisted after he was partially subdued and thus compelled them to push or almost carry him backwards for a considerable distance towards the jail. The relator sought to introduce in evidence the warrant and proceedings before the justice of the peace, who issued the same, which showed, among other things, that the charge against him on which the warrant was issued was subsequently dismissed without prosecution. This being excluded by the court, an argument for a reversal of the judgment is predicated thereon. We believe in the state of the pleadings there is no harmful error in excluding this matter. The warrant alone was all that was competent on that score. The other facts disclosed in the proceedings before the justice were without influence on the issue being tried in this case. It is true in this suit on the sheriff's bond, it devolved on relator to show the officer was acting within the scope of his authority in order to affix liability against the surety on the bond and the warrant itself was the best evidence of the fact. That the sheriff was acting in his official capacity at the time is clear. Indeed, there was no issue as to this

in the case for besides the petition alleging the sheriff held and was acting under a warrant, the answer expressly admitted the fact as well. In this state of the pleading, while it would have been well enough to admit the warrant in evidence, there was certainly no prejudicial error in excluding it, for the only fact of which it was competent evidence was conceded throughout the case.

Among other things, the instructions for defendant told the jury that if it found the sheriff had a warrant for relator's arrest and that he informed him of that fact and read the warrant to him, that relator declined to submit to arrest but resisted the same with force and that relator was fighting Kelsick, the deputy, in resisting such arrest, then the defendant had the right,· and it was his duty, to use such force and to strike    Ostmann such blows as appeared to him to be reasonably necessary to overcome his resistance in making the assault on Kelsick and to effect relator's arrest. That portion of the instruction telling the jury that under the circumstances stated the defendant had a right to use such force and to strike Ostmann such blows as appeared to him at the time to be reasonably necessary to overcome his resistance, etc., is criticised. It is said that though it is clear the sheriff had a right to use such force as appeared to him reasonably necessary at the time to overcome the assault being made by Ostmann on his deputy, it is error to inform the jury that he had a right to strike such blows as appeared to be necessary, etc. Abstractly speaking, the criticism is correct enough, for the law does not say in so many words that an officer may strike such blows as appear to him to be  reasonably  necessary under  the  circumstances  mentioned.  ·The  rule  is the officer . may use  such  force as  appears  to  him at  the  time  to  be  reasonably necessary  to  overcome  the  resistance  put  forward,  but,  of  course,  in those circumstances he is not required to nicely gauge the precise quantum of force essential to overcome the

,assault. He is to act as a reasonable man upon the appearance of danger and its imminence at the time. Be this as it may, we are not persuaded the use of the words "strike such blows" in this connection infringed the rights of relator. If the evidence of the defendant sheriff and his witnesses is to be believed, then relator was making a serious resistance to arrest in which he was aided and abetted by his son who was present. It seems he instituted a vigorous fight with his fists against the sheriff by striking one blow at him and continued the same in the street against Kelsick, the deputy. In these circumstances, it seems the sheriff, in striking the blows referred to, pursued the proper course to overcome the resistance. Viewing the instructions in the light of the facts to which they were applied, we see no erroneous direction therein contained.

The real question in the case and that which has been put forward by counsel with much force to the end of reversing the judgment relates to the burden of proof. For the defendant, the court instructed the jury the burden of proof was on the relator and that before he could recover he must prove to the satisfaction of the jury by the greater weight of the evidence that in arresting relator defendant and his deputy used more force than appeared to them to be reasonably necessary to effect his arrest. It is argued this was error, for the reason the burden rested with defendant to justify the assault upon relator by showing that no more force was employed than appeared to be reasonably necessary under the circumstances of the arrest. There can be no doubt that it is the rule in civil actions for damages on account of assault and battery between private persons the plaintiff may make a prima facie case by merely showing the defendant applied a very slight degree of force to him in anger. In such circumstances the assault is presumed to be unlawful and it then rests with the defendant to justify it; that is to say, if the assault is prima facie shown or admitted, defendant must both

plead and prove a justification for making the same as though the plaintiff made the first assault and defendant used no more force in repelling the attack than appeared to be reasonably necessary, etc. [Orscheln v. Scott, 90 Mo. App. 352; Johnson v. Daily, 136 Mo. App. 534, 118 S. W. 530; 2 Greenleaf on Evidence, sec. 99.] But this doctrine should not obtain if the suit is against an officer clothed with the warrant of the law and proceeds as well on his official bond. It is true in either case, whether the action is against a private individual or an officer acting under a warrant, the assault must be shown to be unlawful before a recovery may be allowed. Every assault involves an attempt to unlawfully apply force to another and a battery involves the unlawful touching of one by the aggressor. [2 Am. and Eng. Ency. Law (2 Ed.), 953.] So it is the unlawful touching of one person by another in anger may constitute an assault and battery as between private individuals. However the law vouchsafes to an officer clothed with its warrant the authority and right to touch the person. In other words, while it may be unlawful in given circumstances for a private individual to touch the person of another, it is entirely lawful for an officer clothed with a warrant to do so, provided he uses no more force than is reasonably necessary. [State v. Mahon, 3 Harr. (Del.) 568.] As it is essential in every instance to constitute an assault and battery that the force used must be unlawful, it is entirely clear that the employment of such force only as appears to be reasonably necessary to the execution of a lawful act on the part of an officer does not constitute a battery. In other words, the very idea of a battery committed by an officer in making an arrest under warrant involves the idea as well that more force was used than was reasonably necessary, otherwise it is not unlawful at all. An officer clothed with the warrant of law is answerable in damages as for assault and battery only when in the performance of his duty in making the arrest he uses more force than is

reasonably necessary for its accomplishment. [2 Am. and Eng. Ency. Law (2 Ed.), 961.] This being true, it devolves upon the plaintiff to prove not only that the officer touched him in making the arrest but that he used more force thereabout than was reasonably necessary to effect the arrest. The burden of proof, therefore, is different in a case when the suit is against the officer acting under warrant than in those cases where it proceeds against a private individual. For the mere touching of a person under the circumstances mentioned in the case of a private individual invokes the presumption that it was unlawful and renders it incumbent on the defendant to overcome such presumption by justifying the act. As to the officer acting under a warrant the presumption goes to the effect that he performs his duty in accordance with the law and the burden rests upon the plaintiff asserting a proposition to the contrary to overcome the presumption by showing that more force was used in effecting the arrest than was reasonably necessary to accomplish it. Indeed, to recover against the surety on his official bond, as is sought here, the burden is on the plaintiff at least to show a breach of the bond and to do this he must not only prove the officer acted in virtue of his office but proceeded beyond the limitations of the law with respect to his duty as well. Unless this is shown no breach of the bond will appear, for until the officer exceeds his authority, the surety may not be called upon to answer.

We believe the rule announced with respect to the burden of the proof by our Supreme Court in Nichols v. Winfrey, 79 Mo. 544 obtains here. In that case the suit was under our statute, Lord Campbell's Act, giving the widow a right of action for the wrongful death of her husband. It proceeded against the defendant as though he had wrongfully killed the plaintiff's husband in a physical encounter, and the Supreme Court ruled that as the cause of action arose only upon the wrongful killing of the deceased the burden rested upon plain-

State ex rel. v. Hines.

tiff to show that the death of her husband was not justified under the circumstances of the altercation. In that case, as in this one, the plaintiff is required to show more than a mere assault, for no cause of action exists in either instance unless more force was employed by the defendant than was necessary to the end sought to be accomplished.

The court gave nine instructions on the part of the plaintiff and presented the single issue of fact for him from every conceivable view point. The instructions given seem to be fair and just and none were refused which were not fully covered in those given. We have examined the several other questions presented in the brief and do not consider them of sufficient merit to warrant discussion in the opinion. The case seems to have been well tried and the judgment should be affirmed. It is so ordered. All concur.