# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 05-3436

_____

| | | |
|---|---|---|
| Dillard's Inc., Individually and as Assignee of Janet Bolton, | * | |
| | * | |
| | * | |
| Plaintiff/Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Liberty Life Assurance Company of Boston, a Member of the Liberty Mutual Group, | * | |
| | * | |
| | * | Appeals from the United States |
| | * | District Court for the |
| Defendant/Appellant. | * | Eastern District of Arkansas. |
| | * | |
| _____ | * | [PUBLISHED] |
| | * | |
| | * | |
| Liberty Life Assurance Company of Boston, | * | |
| | * | |
| | * | |
| Third Party Plaintiff/ Appellant, | * | |
| | * | |
| | * | |
| v. | * | |
| | * | |
| Janet Bolton, | * | |
| | * | |
| Third Party Defendant/ Appellee. | * | |
| | * | |

_____

No. 05-3438
_____

| | |
|---|---|
| Dillard's Inc., Individually and as Assignee of Janet Bolton, | * |
| | * |
| | * |
| Plaintiff/Appellant, | * |
| | * |
| v. | * |
| | * |
| Liberty Life Assurance Company of Boston, a Member of the Liberty Mutual Group, | * |
| | * |
| | * |
| | * |
| Defendant/Appellee. | * |
| | * |
| | * |
| _____ | * |
| | * |
| | * |
| Liberty Life Assurance Company of Boston, | * |
| | * |
| | * |
| Third Party Plaintiff, | * |
| | * |
| v. | * |
| | * |
| Janet Bolton, | * |
| | * |
| Third Party Defendant. | * |

_____

Submitted: March 17, 2006
Filed: July 19, 2006

_____

-2-

Before WOLLMAN and RILEY, Circuit Judges, and ROSENBAUM,[1] District Judge.
_____

PER CURIAM.

Dillard's, Inc. (Dillard's), on behalf of itself and as assignee of Janet Bolton, sued Liberty Life Assurance Co. of Boston (Liberty) under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, arguing that Liberty abused its discretion in terminating Bolton's long-term disability benefits. The district court entered judgment in favor of Dillard's and directed Liberty to pay Dillard's for the benefits due to Bolton under her benefits plan. Dillard's then sought an award of attorney's fees and costs. The district court granted this request, but awarded a lesser amount than Dillard's requested. Liberty appeals from this order, arguing that the district court erroneously awarded attorney's fees and costs. Dillard's cross-appeals, arguing that the district court erred in awarding a lesser amount than requested. We vacate the award.

In an opinion filed today, we reversed the district court's judgment that Liberty abused its discretion in terminating Bolton's benefits. Dillard's, Inc. v. Liberty Life Assurance Co. of Boston, Nos. 05-2482/2517, slip op. (8th Cir. July 19, 2006). Because Dillard's is no longer the prevailing party in the underlying ERISA suit, we vacate the district court's award of attorney's fees and costs. Jackson v. Metro. Life Ins. Co., 303 F.3d 884, 890 (8th Cir. 2002) ("[B]ecause our decision eliminates [the claimant's] temporary status as the prevailing party, we also reverse the District Court's award of [his] attorney fees.").

The order awarding fees and costs is vacated.

_____

_____

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota, sitting by designation.