# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3064
_____

Gregory Houston Holt

*Plaintiff - Appellant*

v.

Michelle Howard, Public Information Officer, Little Rock Police Department, in
her Official Capacity Only; State of Arkansas

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: September 24, 2015
Filed: November 27, 2015
_____

Before MURPHY, MELLOY, and SMITH, Circuit Judges.
_____

MURPHY, Circuit Judge.

Gregory Holt, an incarcerated felon, brought this case against the state of
Arkansas and Michelle Howard, an employee of the Little Rock Police Department,
alleging that the Arkansas Freedom of Information Act violates the equal protection
and due process clauses of the Fourteenth Amendment. Howard had denied Holt's
pro se request for documents about an individual he had assaulted because the Act

only permits an incarcerated felon to request information of public record through an attorney. The district court[1] concluded that the Act was constitutional and granted summary judgment to the defendants. Holt appeals, and we affirm.

In 2009 Holt assaulted C.T., and the state charged him with aggravated residential burglary and first degree domestic battery. Holt was tried in Pulaski County Circuit Court, C.T. testified against him, and the jury convicted him of two felonies on June 3, 2010. He was sentenced to life imprisonment on the burglary conviction and received a concurrent forty years sentence on the domestic battery conviction. Holt has unsuccessfully challenged his convictions and sentences in both state and federal courts.

On June 28, 2012 Holt sent a letter to Howard, the public information officer in the Little Rock Police Department. In his letter Holt requested "[p]ursuant to the Arkansas Freedom of Information Act" records "pertaining to [C.T.] since June 3, 2010 as well as any records pertaining to [C.T.'s presumptive Little Rock address] since June 3, 2010." Howard denied Holt's request on July 12, 2012. In her denial letter Howard cited a restriction in the statute which prevents pro se incarcerated felons from accessing documents under the Act. The relevant statutory provision states that:

> access to inspect and copy public records shall be denied to: (i) A person who at the time of the request has pleaded guilty to or been found guilty of a felony and is incarcerated in a correctional facility; and (ii) The representative of a person under subdivision (a)(1)(B)(i) of this section unless the representative is the person's attorney who is requesting information that is subject to disclosure under this section.

Ark. Code Ann. § 25-19-105(a)(1)(B).

---

[1]The Honorable D.P. Marshall, Jr., United States District Judge for the Eastern District of Arkansas.

Holt filed this action against Howard and the state of Arkansas alleging that the Act's exclusion of pro se incarcerated felons denies equal protection of the law to this category of persons and denies them access to legitimate legal documents they may need for post conviction appeals. With respect to his equal protection claim, Holt alleges that the Act is unconstitutional because it has no rational basis and only seeks to prohibit indigent prisoners from post conviction redress. In respect to his due process claim, Holt alleges that as a result of the denial of his records request he "was unable to access and therefore present what he believed was new evidence." Although the court had ordered the parties to complete discovery by January 24, 2014, Holt did not request discovery from either defendant by that date.

The state and Howard filed motions for summary judgment which the district court granted. The court determined that Holt had standing to pursue his claims, but concluded that the challenged provision was constitutional under the equal protection and due process clauses. Holt subsequently filed three pro se post judgment motions for relief. He argued that the court should provide him with the opportunity to take additional discovery and offer evidence to refute the defendants' proffered rational bases for the Act. The court denied all three motions. Holt appeals the underlying summary judgment order and the orders denying his motions for relief.

"We review the district court's grant of summary judgment de novo, viewing the facts in the light most favorable to the nonmoving party and giving that party the benefit of all reasonable inferences that can be drawn from the record." Minn. ex rel. N. Pac. Ctr., Inc. v. BNSF Ry. Co., 686 F.3d 567, 571 (8th Cir. 2012). Summary judgment is appropriate when no genuine dispute exists "as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We "may affirm the judgment on any basis supported by the record." Hohn v. BNSF Ry. Co., 707 F.3d 995, 1000 (8th Cir. 2013).

Holt contends that permitting only those incarcerated felons who have counsel to access information under the Act violates the equal protection clause. The Fourteenth Amendment prohibits states from denying "any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Supreme Court has however long held that a classification that does not involve fundamental rights or suspect classes does not violate the equal protection clause "if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." Heller v. Doe, 509 U.S. 312, 319–20 (1993). Rational basis review does not require proof of the legislature's actual motivation, but only that some rational basis exists for the law. See City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 448 (1985). Because the statute's classification is presumed constitutional, Holt has the burden of negating every conceivable basis which might support it. See Heller, 509 U.S. at 320.

The district court did not err in granting summary judgment because the Act's limitation on those who many benefit from the law is rationally related to at least two legitimate government purposes. First, the Act's classification is rationally related to the prevention of unlawful use of the statute because attorneys are prohibited from assisting clients in criminal or fraudulent enterprises. Arkansas Rule of Professional Conduct 1.2(d) states that "[a] lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent." Rule 1.2(d) applies to the full scope of attorney representation, including requesting records on behalf of clients. The ethical rules thus prohibit an attorney from helping a client request records for the purpose of harassing or threatening a witness or victim. Concern about inmates harassing others through record requests is not a vague undifferentiated fear, contrary to Holt's contention. The safety of others is a "factor[] which [is] properly cognizable" by a legislative body when determining the limits of a state public records law. See City of Cleburne, 473 U.S. at 448.

The Act's classification is also rationally related to conserving government resources. Requiring incarcerated felons to make record requests through counsel reduces the number of record requests made to state and local agencies. Relying on this rationale in Giarratano v. Johnson, the Fourth Circuit reasoned that Virginia "conserve[d] state resources and prevent[ed] frivolous requests" by excluding all prisoners from utilizing the state's freedom of information statute. See 521 F.3d 298, 305 (4th Cir. 2008). Holt's arguments about the breadth of the Act's classifications are meritless. Whether all or some prisoners are excluded, the overall number of requests requiring a response decreases. The rational basis test only requires a legislature to draw a rational line to achieve the government purposes sought, not a "perfect line." See Armour v. City of Indianapolis, Ind., 132 S. Ct. 2073, 2083 (2012). For the reasons discussed above, the Arkansas legislature's classification is rational even if imperfect. We thus conclude that the district court properly granted summary judgment on Holt's equal protection claim.

Holt also argues that the Act violates his due process right to access the courts because it prevents him from accessing new evidence. To state an access to the courts claim, "a prisoner must establish [that] the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." Williams v. Hobbs, 658 F.3d 842, 851–52 (8th Cir. 2011) (internal quotation marks omitted).

Holt's due process claim fails because he has not shown that he will suffer an actual injury as a result of the Act's exclusion. See id. at 852. Holt has not been denied access to the courts in the past, and he has fully litigated challenges to his convictions and sentences in both state and federal courts. For any future challenges, Holt may obtain the records he seeks by filing a discovery motion with a habeas petition. Rule 6 of the rules governing § 2254 cases permits petitioners to conduct discovery if they show good cause. This rule provides a safety valve for Holt to

access documents and the courts if he has a credible claim, such as a nonfrivolous actual innocence claim under Schlup v. Delo, 513 U.S. 298 (1995). To the extent that Holt contends he has a right to access police department documents without meeting the Rule 6 requirements, the Supreme Court has pointed out that the right to access the courts does not include the right to "litigate effectively once in court." See Lewis v. Casey, 518 U.S. 343, 354 (1996) (emphasis original). Because of the rights available to him through a habeas petition, Holt suffers no actual injury from the Act as a matter of law. The district court did not err in granting summary judgment.

Holt also appeals the denial of his three Rule 60(b)(6) motions for relief from the judgment, which are subject to an abuse of discretion test. See Noah v. Bond Cold Storage, 408 F.3d 1043, 1045 (8th Cir. 2005). Under Rule 60(b)(6), a district court may grant relief from a judgment for any reason that justifies relief. In these motions Holt reasserted arguments raised in his summary judgment brief and argued that he was entitled to further discovery to disprove the proffered rational bases for the Act's classification. As explained above, the district court properly granted summary judgment to the defendants on Holt's equal protection and due process claims. The district court also did not abuse its discretion by denying Holt's request for additional discovery because he failed to utilize the procedures available to him while discovery was open, and "[i]nadequate discovery cannot be a shield against summary judgment without a showing of a meritorious opposition." See Pony Comput., Inc. v. Equus Comput. Sys. of Mo., Inc., 162 F.3d 991, 996 (8th Cir. 1998).

We conclude that the district court did not err by granting summary judgment to the defendants because the Act does not violate the equal protection or due process clauses of the Fourteenth Amendment. We also conclude that the district court did not abuse its discretion in denying Holt's Rule 60(b) motions because his claims failed on the merits and he was not entitled to additional discovery. The judgments of the district court are affirmed.

_____