# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2764

_____

Samuel Lewis Taylor

*Plaintiff - Appellant*

v.

Paula Huffman Phillips, Function Unit Manager; John Hoskins, Correctional
Officer; Michael McGill, Correctional Officer; John Roach, Correctional Officer;
Unknown Wilheight, Correctional Officer; Darlene Wansing, Financial Officer;
Jody Arnold, Correctional Officer

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: March 21, 2016
Filed: March 24, 2016
[Unpublished]

_____

Before LOKEN, BYE, and KELLY, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Samuel Lewis Taylor appeals following the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action. We find that Taylor's claims of access to the courts, conspiracy, and due process were properly dismissed under 28 U.S.C. § 1915(e)(2)(B), see Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (de novo review), because Taylor's complaint contained insufficient facts to support such claims, see Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (pro se complaints must be liberally construed, but must allege sufficient facts to support claims advanced). Further, we find that summary judgment was properly granted on Taylor's remaining First Amendment retaliation claims. See Holt v. Howard, 806 F.3d 1129, 1132 (8th Cir. 2015) (de novo review); Santiago v. Blair, 707 F.3d 984, 991 (8th Cir. 2013) (elements of retaliation claim).[2] Finally, we find no error in the denial of Taylor's motion to compel. See Heart of Am. Grain Insp. Serv., Inc. v. Mo. Dep't of Agric., 123 F.3d 1098, 1107 (8th Cir. 1997) (gross-abuse-of-discretion standard of review). The judgment of the district court is affirmed. See 8th Cir. R. 47B.

------------------------

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

[2]We need not address the district court's dismissal of the claims against John Hoskins and Unknown Wilheight when service was returned unexecuted, because the summary judgment record showed that Taylor would not have prevailed on these claims.