# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3389

_____

Shane Douglas Bell

*Plaintiff - Appellant*

v.

William Voight, Corrections Officer at South Dakota State Penitentiary, individual and official capacity; Jeremy Wendling, Corrections Officer Sgt. at South Dakota State Penitentiary, individual and official capacity; Samuel Yost, Corrections Officer, Cpl. at South Dakota State Penitentiary, individual and official capacity; Jessica Cook, Unit Manager at South Dakota State Penitentiary, individual and official capacity; John Doe #1, Corrections Officer at South Dakota State Penitentiary, individual and official capacity; Darin Young, Warden at South Dakota State Penitentiary, individual and official capacity; John Doe #2, Corrections Officer at South Dakota State Penitentiary, individual and official capacity

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: May 10, 2016
Filed: May 23, 2016
[Unpublished]

_____

Before SMITH, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

South Dakota inmate Shane Douglas Bell appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action. Upon de novo review and careful consideration of Mr. Bell's arguments, see Holt v. Howard, 806 F.3d 1129, 1132 (8th Cir. 2015), we find no basis for reversal. Specifically, we agree with the district court that, even assuming that Mr. Bell had a bloody nose and defendants did not take him to medical services the day he was injured in a fight with another inmate, he failed to produce evidence that defendants actually knew of and deliberately disregarded signs that his injuries were serious and required immediate medical attention. See Allard v. Baldwin, 779 F.3d 768, 771-72 (8th Cir.) (requirements to prevail on Eighth Amendment claim; inmate must show that defendants were more than grossly negligent, and that their mental state was akin to criminal recklessness, i.e., they disregarded known risk to his health), cert. denied, 136 S. Ct. 211 (2015); Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997) (there is no § 1983 liability for violation of prison policy); see also Jackson v. Riebold, 815 F.3d 1114, 1119-20 (8th Cir. 2016) (to prevail on claim that delay in medical care constituted cruel and unusual punishment, inmate must show deprivation of serious medical need and deliberate indifference to his health and safety; objective seriousness of deprivation is measured by reference to effect of delay, which must be established by verifying medical evidence). Further, the court did not abuse its wide discretion in denying Mr. Bell's Federal Rule of Civil Procedure 56(d) request for a continuance. See Jackson, 815 F.3d at 1121 (discussing requirements for continuance under Rule 56(d)). The judgment of the district court is affirmed, and we deny as moot Mr. Bell's three pending motions for injunctions.

———————————————

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, adopting the report and recommendations of the Honorable Veronica L. Duffy, United States Magistrate Judge for the District of South Dakota.