# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-2846

_____

Khadara-Ayan Yousuf

*Plaintiff - Appellant*

v.

Fairview Health Services, doing business as University of Minnesota Medical
Center, Fairview

*Defendant - Appellee*

_____

No. 15-3594

_____

Khadara-Ayan Yousuf

*Plaintiff - Appellant*

v.

Fairview Health Services, doing business as University of Minnesota Medical
Center, Fairview

*Defendant - Appellee*

_____

Appeals from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: May 5, 2016
Filed: May 26, 2016
[Unpublished]
_____

Before SHEPHERD, BYE, and KELLY, Circuit Judges.

_____

PER CURIAM.

In these consolidated appeals, Khadara-Ayan Yousuf challenges the district court's adverse grant of summary judgment on her interrelated claims of pregnancy and sex discrimination against her former employer, Fairview Health Services, and the court's award of costs. After careful de novo review, we conclude that Yousuf presented sufficient evidence to create a genuine issue of material fact on her claim of pregnancy discrimination. See Holt v. Howard, 806 F.3d 1129, 1132 (8th Cir. 2015) (grant of summary judgment is reviewed de novo, viewing facts in light most favorable to nonmoving party and giving that party benefit of all reasonable inferences that can be drawn from record).

The record reasonably supported the conclusion that during a February 2, 2009 conference telephone call, in which Yousuf and her co-managers discussed her employment and her leave status, one of her managers asked her whether she was "staying in [Europe] and raising a family," and stated that "these people have babies left and right." The record also established that the decision to terminate Yousuf was made the same day. Assuming that the manager actually expressed this question and statement, and viewing all the facts in the light most favorable to Yousuf, we conclude that the manager's statement amounted to direct evidence of discrimination. See Torgerson v. City of Rochester, 643 F.3d 1031, 1043-44 (8th Cir. 2011) (en banc) (direct evidence is evidence showing specific link between alleged discriminatory animus and challenged decision, sufficient to support finding by reasonable

-2-

fact-finder that illegitimate criterion actually motivated adverse employment action; direct evidence refers to causal strength of proof, not whether it is circumstantial evidence); Richardson v. Sugg, 448 F.3d 1046, 1058 (8th Cir. 2006) (finding that span of time between decisionmaker's remarks and decision to fire employee relevant to determination of whether discriminatory animus motivated firing). Accordingly, we vacate the grant of summary judgment and remand this case to the district court for further proceedings. Additionally, we vacate the award of costs. See Dillard's Inc. v. Liberty Life Assurance Co. of Boston, 456 F.3d 901, 903 (8th Cir. 2006) (per curiam) (vacating award of attorney's fees and costs where appellate court had reversed district court's judgment, because employer was no longer prevailing party in underlying suit).

_____