# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2274

_____

Stuart Wright

*Plaintiff - Appellant*

v.

United States of America

*Defendant - Appellee*

John Clark; Walter R. Bradley, in his official capacity as the United States
Marshal for the District of Kansas; Sean Franklin, in his official capacity as a
Deputy United States Marshal and in his individual capacity; Deputy United States
Marshals 1 - 10, in their official and individual capacities (names unknown at this
time); Stacia A. Hylton, in her official capacity; Christopher Wallace, in his
official capacity as a Deputy United States Marshal and in his individual capacity

*Defendant*s

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: March 16, 2018
Filed: June 13, 2018

_____

Before WOLLMAN, SHEPHERD, and ERICKSON, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

In the third iteration of this unfortunate case of mistaken identity, Plaintiff Stuart Wright ("**Wright**") appeals the district court's[1] grant of summary judgment to the United States and the Deputy U.S. Marshals in their individual and official capacities on Wright's claims under the Federal Tort Claims Act (the "**FTCA**"). Wright argues that the district court erred when it found there was no genuine dispute of material fact and that, as a matter of law, the Marshals were not liable to him under the FTCA for false arrest, false imprisonment, abuse of process, and assault and battery. We disagree and affirm the district court's grant of summary judgment.

## I. Background

In 2008, Deputy U.S. Marshals with the U.S. Marshals Service in the District of Kansas began an investigation to locate and arrest Vinol Wilson ("**Wilson**"), who had been indicted by a grand jury in Kansas for conspiracy to manufacture, to possess with intent to distribute, and to distribute cocaine base and to possess with intent to distribute cocaine. The Marshals had an arrest warrant for Wilson, and after learning that he was involved in a local Kansas City, Missouri basketball league, they planned to arrest him during one of the games. Sources told the Marshals that at 6:30 p.m. on August 15, 2009, Wilson would be playing basketball at the Grandview Community Center and that he would be wearing an orange jersey with the number 23. The Marshals also knew that Wilson was a black male body builder born in 1974. That evening around 6:45 p.m., the Marshals entered the gym in plain clothes and interrupted the game. With their weapons drawn, they approached a black male who was on the court wearing an orange jersey with the number 23 and told him to get on the ground. That man was Wright, not Wilson.

---

[1]The Honorable Sarah H. Hays, United States Magistrate Judge for the Western District of Missouri.

Wright did not understand the Marshals' commands at first, and he stepped backwards away from them. One of the Marshals grabbed Wright's shirt and kicked at his legs. Another applied his Tazer to Wright's back. Once the Marshals subdued Wright, they asked him his name. Wright told the Marshals he was Stuart Wright, and one replied, "don't lie to me." The Marshals then arrested Wright, took him outside, and sat him in the back of a police patrol car. On the way to the car, a police officer told the Marshals that he knew Wright and that they had apprehended the wrong man. Wright's brother also brought Wright's identification to the Marshals to prove to them that he was not Wilson. The Marshals allowed Wright's brother to speak to Wright for a few minutes while still keeping Wright in custody. They then asked Wright a few questions about Wilson. After detaining Wright for 20 minutes, the Marshals released him and warned him that he had two traffic warrants he needed to resolve.

In December 2010, Wright filed this action against the United States. The complaint included FTCA claims for (1) false arrest, (2) false imprisonment, (3) abuse of process, and (4) assault and battery. Following a series of motions and appeals,[2] the FTCA claims were the only ones left before the district court. The Marshals moved for summary judgment on those claims as well. The district court, relying heavily on our findings in a previous appeal in this case that dealt with Bivens[3] claims, found that the United States was entitled to summary judgment on each of Wright's FTCA claims. Wright now appeals.

---

[2]The previous appeals include Wright v. United States, 545 Fed. Appx. 588 (8th Cir. 2013) (per curiam) (unpublished) and Wright v. United States, 813 F.3d 689 (8th Cir. 2015).

[3]Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

## II. Discussion

"We review the district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the nonmoving party." Hinsley v. Standing Rock Child Protective Servs., 516 F.3d 668, 671 (8th Cir. 2008) (citing Fed. R. Civ. P. 56(c)). "We will affirm the district court if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Id.

Generally, the United States is immune from suit; however, the Federal Government may consent to be sued, as it did with the passage of the FTCA. Id. The FTCA provides that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The FTCA applies "to any claim arising . . . out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution" as a result of the "acts or omissions of investigative or law enforcement officers of the United States Government." Id. § 2680(h). The applicable tort law is "the law of the place where the act or omission occurred." Id. § 1346(b)(1). Because this incident took place in Missouri, Missouri's tort law applies.

### A. Genuine Issue of Material Fact

Wright argues the Government was required to respond to the concise statement of material facts that he offered in response to the Government's original statement of uncontroverted material facts attached to its motion for summary judgment. Wright asserts that Mo. D. Ct. R. W. D. 56.1(c) ("**Local Rule 56**") states the Government "must" respond to Wright's list of material facts. Therefore, he claims that the district court should have deemed those facts admitted because the Government failed to respond. However, Wright mischaracterizes the rule. Local Rule 56.1(c) states that in response to a non-moving party's statement of material

facts, "[t]he party moving for summary judgment *may* file reply suggestions." (emphasis added). The "must" to which Wright refers appears in the next sentence: "[i]n those suggestions, the [Government] must respond to [Wright's] statement of additional facts in the manner prescribed in Rule 56.1(b)(1)." Id. The word "must" does not command a response: rather, it directs how the Government should respond to Wright's statement of facts should it choose to do so. Therefore, the district court was not required to deem Wright's list of material facts admitted simply because the Government did not directly respond to them.

Next, Wright argues that the district court erred in finding that he did not present evidence demonstrating the existence of a genuine dispute of material fact. Even assuming that Wright's statement of facts should have been deemed admitted, the district court did not err in finding that Wright failed to demonstrate the existence of a genuine issue of material fact. Wright outlines several factual contentions that he claims contradict the district court's factual statements and summary judgment conclusions. However, none of these facts are inconsistent with the district court's statement of material facts. For example, the district court made no reference to where Wright's hands were located during the encounter, but Wright presents a witness affidavit stating that Wright had his hands in the air. This is the only statement regarding the placement of Wright's hands, and, even if it is true, it is not material because the district court already acknowledged that Wright was not engaging in any threatening behavior. Because none of Wright's proposed facts contradict a material fact that the district court relied on in conducting its summary judgment analysis, we find the district court did not err.

*B. False Arrest and False Imprisonment*

The Missouri Supreme Court has held that "[t]he essence of the cause of action of false arrest, or false imprisonment, is the confinement, without legal justification, by the wrongdoer of the person wronged." Rustici v. Weidemeyer, 673 S.W.2d 762,

767 (Mo. 1984) (internal quotation marks omitted); see also Celestine v. United States, 841 F.2d 851, 853 (8th Cir. 1988) (per curiam). "However, justification is a complete defense to the cause of action . . . ." Rustici, 673 S.W.2d at 767. As the district court points out, on a previous appeal, we held that the Marshals had probable cause to arrest Wright. Wright, 813 F.3d at 698. In Wright, we found that under Missouri law it is a crime to resist arrest and that Wright backing away from the Marshals and not yielding to their commands was sufficient to give the Marshals "probable cause to believe that Wright had committed the crime of resisting arrest and justify their twenty minute restraint on Wright's liberty." Id. Thus we have already determined that the initial arrest and detention were justified and reasonable under the circumstances. Accordingly, in line with our prior opinion, we find the district court did not err in holding that both Wright's arrest and 20-minute detention were justified.

## C. Abuse of Process

Abuse of process requires: "(1) the present defendant made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process; (2) the defendant had an improper purpose in exercising such illegal, perverted or improper use of process; and (3) damage resulted." Stafford v. Muster, 582 S.W.2d 670, 678 (Mo. 1979). The district court focused on the second element, finding that the Marshals did not have an improper or ulterior purpose. Wright argues that this was incorrect and that an ulterior purpose is not the sine qua non for an abuse of process claim.

"We may affirm the [district court's] judgment on any basis supported by the record." Holt v. Howard, 806 F.3d 1129, 1132 (8th Cir. 2015) (internal quotation marks omitted). Rather than focusing on the second element, our analysis hinges on the first. As stated above, we held in Wright that both the arrest and 20-minute detention were legally justified and reasonable. Wright, 813 F.3d at 698. Therefore,

we have already found that the Marshals did not make "an illegal, improper, [or] perverted use of process," and that the arrest and detention were warranted and authorized by the process. See Stafford, 582 S.W.2d at 678. Accordingly, we find the district court did not err in granting summary judgment to the Government as to Wright's abuse of process claim.

## D. Assault and Battery

Under Missouri law, a law enforcement officer can be held liable for damages for assault and battery "*only when in the performance of his duty in making the arrest he uses more force than is reasonably necessary for its accomplishment*." Neal v. Helbling, 726 S.W.2d 483, 487 (Mo. Ct. App. 1987) (quoting State ex rel. Ostmann v. Hines, 128 S.W. 248, 250 (Mo. Ct. App. 1910)). In Schoettle v. Jefferson County, we held that the officer's use of force was insufficient to qualify as assault and battery under Missouri law because the officer's conduct was objectively reasonable for the purposes of qualified immunity. Schoettle, 788 F.3d 855, 861 (8th Cir. 2015). In Wright, we found that the Marshals were entitled to qualified immunity because "a reasonable officer would not have had fair warning that using a single Tazer shock against a suspected felon would have violated clearly established Constitutional rights." Wright, 813 F.3d at 697. Our qualified immunity holding is dispositive of the assault and battery claim. See Schoettle, 788 F.3d at 861.

Additionally, in Wright, we essentially engaged in a reasonableness analysis when we emphasized that Wilson was a felon who "was considered armed and dangerous" and had a "history of drug, weapons, and aggravated assault offenses." Wright, 813 F.3d at 697. Those facts, combined with our earlier findings that the Marshals had probable cause to believe that Wright was resisting arrest, convinces us that the Marshals' use of force was no more than reasonably necessary to effectuate the arrest. See id. at 697-98. Therefore, we find that the district court

appropriately granted the Government summary judgment on Wright's assault and battery claim.

## III. Conclusion

For the foregoing reasons, we affirm the district court's grant of summary judgment in all respects.

_____