# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 96-1889

_____

Dennis James Gardner,                    *
                                         *
    Plaintiff - Appellee,            *
                                         *   Appeal from the United States
v.                                       *   District Court for the
                                         *   District of Nebraska
Mary Howard; John Dahm,                  *
Warden, Omaha Correctional               *
Center; Harold W. Clarke,                *
Director, Nebraska Department            *
of Correctional Services,                *
                                         *
    Defendants - Appellants.         *

_____

Submitted:  November 22, 1996

Filed:  March 12, 1997

_____

Before BEAM and LOKEN, Circuit Judges, and MOODY,[*] District Judge.

_____

LOKEN, Circuit Judge.

    Nebraska inmate Dennis Gardner seeks relief under 42 U.S.C. § 1983, alleging that prison officials have twice opened his incoming legal mail. Defendants appeal the district court's denial of summary judgment on qualified immunity grounds. We reverse.

## I.

_____

[*]The HONORABLE JAMES M. MOODY, United States District Judge for the Eastern District of Arkansas, sitting by designation.

Mary Howard is a Mail Clerk in the Omaha Correctional Center mailroom.  On March 1, 1995, she accidentally opened an incoming

envelope containing confidential correspondence from Gardner's attorney. Realizing her mistake, Howard stapled the envelope shut without reading or inspecting its contents. Howard attached a Confidential Mail Receipt Form to the envelope and delivered it to Gardner, who then filed a grievance. Warden John Dahm upheld the grievance, apologizing to Gardner in writing for this mistake and advising mailroom staff of the error. Unsatisfied, Gardner filed a step two grievance with the Department of Correctional Services. Director Harold Clarke's subordinate in charge of responding to such grievances denied further relief, advising Gardner, "I do not know what further action you request."

On April 13, 1995, Gardner's mail included an envelope from a court which had tape over the sealing flap. Gardner wrote on the Confidential Mail Receipt Form that the envelope "[a]ppeared to be opened." A case worker wrote on the form, "Yes, [the envelope] was taped," and returned the form to Howard in the mailroom. The mailroom opens mail with a slitting machine. Knowing that some senders tape envelope flaps down, Howard sent Gardner a note asking whether the top of the envelope had been slit. Gardner did not respond. An affidavit by the case worker submitted in support of summary judgment states that the envelope was not slit.

Gardner then filed this § 1983 action for damages and injunctive relief against Howard, Dahm, and Clarke in their individual and official capacities. Defendants moved for summary judgment, submitting affidavits explaining the Department's policy regarding incoming legal mail and setting forth facts regarding the March 1 and April 13 incidents involving Gardner's mail. Gardner, represented by counsel, submitted a two-page affidavit averring:

> 4. In spite of the aforementioned grievance [concerning the March 1 incident], on or about April 13,

-3-

1995 your affiant received legal mail from the United States District Court which had been opened prior to his receipt thereof.

5. On good faith, information and belief, your
affiant is aware that other inmates have had their legal
mail opened prior to the receipt thereof.

Gardner's affidavit concluded with a request for discovery on whether "the incidents of unlawful opening of legal mail are of such quantity and degree . . . that constitutionally sufficient remedies should have been implemented but were not."  The district court denied defendants summary judgment on Gardner's individual capacity claims.  Defendants appeal the qualified immunity portion of that ruling.

## II.

Qualified immunity shields government officials from § 1983 damage liability unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). We may consider by interlocutory appeal whether conduct fairly attributable to defendants for summary judgment purposes violated clearly established law.  See Behrens v. Pelletier, 116 S. Ct. 834, 842 (1996); Allison v. Department. of Corrections, 94 F.3d. 494, 496 (8th Cir. 1996).

Gardner alleges that defendants violated his clearly established constitutional right not to have confidential legal mail opened outside his presence.  In Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974), the Supreme Court considered the question of incoming legal mail and concluded:

[T]he question is whether, assuming some constitutional
right is implicated, it is infringed by the procedure now
found acceptable by the State. . . . [W]e think that [the
prison officials], by acceding to a rule whereby the

-5-

inmate is present when mail from attorneys is inspected, have done all, and perhaps even more, than the Constitution requires.

Here, defendants' undisputed affidavits establish the relevant policy of the Nebraska Department of Correctional Services. Properly marked legal mail is opened only in the presence of the inmate. When such mail is received, mailroom staff attach a Confidential Mail Receipt Form to the envelope, and a prison official delivers it to the inmate where it is opened and inspected for contraband in his presence. All other mail is opened in the mailroom by a slitting machine and inspected for contraband before delivery. As our decision in Harrod v. Halford, 773 F.2d 234, 235-36 (8th Cir. 1985), cert. denied, 476 U.S. 1143 (1986), makes clear, the Department's policy meets or exceeds the minimum constitutional standards under Wolff. Given defendants' proof of a general policy that meets constitutional requirements, the qualified immunity issue turns on the specific incidents in question and must be addressed separately for each defendant. See Jones v. Coonce, 7 F.3d 1359, 1365 (8th Cir. 1993).

Warden Dahm. Warden Dahm received Gardner's initial grievance and upheld it, concluding that Gardner's March 1 letter should not have been opened outside his presence. Dahm did not rule on Gardner's step two grievance. There is no evidence he even knew of the April 13 incident, as to which Gardner filed no grievance. Gardner's unsupported assertion that he has "information and [a] belief" that other inmates' legal mail has been opened is not the kind of evidentiary affidavit that will defeat a properly supported motion for summary judgment. See JRT, Inc. v. TCBY Systems, Inc., 52 F.3d 734, 738 (8th Cir. 1995); Fed. R. Civ. P. 56(e); 6 MOORE'S FEDERAL PRACTICE, Part 2, ¶ 56.22[1], at pp. 56-743-46 (2d ed. 1996). Thus, the summary judgment record contains no evidence that Dahm knowingly deprived Gardner of a constitutional right, was deliberately indifferent to a violation, or failed to supervise or train his subordinates. Dahm is entitled to qualified immunity. See Ricker v. Leapley, 25 F.3d 1406, 1412 (8th Cir. 1994).

Director Clarke.   Director Clarke delegated the task of responding to Gardner's step two grievance to another Department official.   Thus, Clarke had no involvement in this specific dispute.   He is the Director of a Department that has promulgated a constitutionally appropriate policy regarding incoming inmate legal mail.   Clarke is entitled to qualified immunity.

Mail Clerk Howard.   Howard violated Department policy by inadvertently opening an envelope containing Gardner's incoming legal mail.   Gardner was upset that Dahm did not punish Howard through the grievance process for her error.   But there is no § 1983 liability for violating prison policy.   Gardner must prove that Howard violated his constitutional right to receive mail or to access the courts.

In Jensen v. Klecker, 648 F.2d 1179, 1182 (8th Cir. 1981), this court cited Wolff for a broad proposition:   "Privileged prisoner mail, that is mail to or from an inmate's attorney and identified as such, may not be opened for inspections for contraband except in the presence of the prisoner."   However, the record in Jensen included evidence of deliberate, repeated opening of an inmate's confidential, well-marked attorney mail.   We have never held or suggested that an isolated, inadvertent instance of opening incoming confidential legal mail will support a § 1983 damage action.   Rather, we agree with other circuits that an "isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access to the courts, does not give rise to a constitutional violation."   Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990); see Morgan v. Montanye, 516 F.2d 1367, 1370-71 (2d Cir. 1975), cert. denied, 424 U.S. 973 (1976).

The act of opening incoming mail does not injure an inmate's right to access the courts. The policy that incoming confidential legal mail should be opened in inmates' presence instead serves the

prophylactic purpose of assuring them that confidential attorney-client mail has not been improperly read in the guise of searching for contraband.  See Harrod, 773 F.2d at 235; Morgan, 516 F.2d at 1371.  Given this limited purpose, inadvertent opening of legal mail cannot be actionable under § 1983, particularly when it is followed by the corrective action Howard took after she opened Gardner's envelope on March 1, because "[t]o assert a successful claim for denial of meaningful access to the courts . . . an inmate must demonstrate that he suffered prejudice."  Berdella v. Delo, 972 F.2d 204, 210 (8th Cir. 1992).  Regarding the second incident on April 13, Gardner has no evidence that Howard opened or taped that envelope.  Howard is entitled to qualified immunity.[1]

Gardner's Claim for Injunctive Relief.  Qualified immunity bars Gardner's damage claims but not his claim for injunctive relief.  We have jurisdiction to consider the denial of summary judgment on this claim if it is "inextricably intertwined" with the issue of qualified immunity.  See Swint v. Chambers County Comm'n, 115 S. Ct. 1203, 1212 (1995); Kincade v. City of Blue Springs, 64 F.3d 389, 394-95 (8th Cir. 1995), cert. denied, 116 S. Ct. 1565 (1996).

Defendants have demonstrated that the Department's policy meets or exceeds constitutional requirements.  Thus, only probative evidence of a persistent, unconstitutional disregard of that policy would defeat summary judgment dismissing Gardner's claim for injunctive relief.  Gardner has evidence that one piece of incoming

---

[1]Gardner argues that Howard is not eligible for qualified immunity because she was not engaged in a discretionary act, citing Howard v. Adkison, 887 F.2d 134, 140 (8th Cir. 1989).  However, Howard exercised discretion when she determined what incoming mail qualified as confidential legal mail under the Department's policy.

legal mail was inadvertently slit open, contrary to the policy, and another was taped shut by an unknown person.  Gardner also avers

"that other inmates have had their legal mail opened prior to the receipt thereof," but that assertion is unsupported and of no evidentiary value. Thus, for the same reasons that qualified immunity bars Gardner's damage claims, defendants are entitled to summary judgment on the merits of his injunction claim.

Gardner suggests that he is entitled to discovery to support his assertion of widespread violations of Department policy. However, paragraph 5 of his affidavit is inadequate to justify denial or delay of summary judgment. If prison officials routinely ignore the Department's policy regarding incoming legal mail, inmate Gardner could have submitted one or more Rule 56(e) affidavits detailing other violations, like the supporting affidavit from ten other inmates in <u>Weiler v. Purkett</u>, No. 96-1022 (8th Cir. Jan. 3, 1997). At a minimum, he could have submitted a Rule 56(f) affidavit explaining in detail what evidence could be obtained from other inmates if the court delayed a summary judgment ruling. Absent that kind of specific showing, Rule 56(f) does not condone a fishing expedition through the Department's grievance files searching for documents that might confirm Gardner's "information and belief." <u>See</u> <u>Humphreys v. Roche Biomed. Labs., Inc.</u>, 990 F.2d 1078, 1081 (8th Cir. 1993); <u>Nickens v. White</u>, 622 F.2d 967, 970 (8th Cir.), <u>cert. denied</u>, 449 U.S. 1018 (1980).

Paragraphs 1 and 3 of the district court Order dated February 23, 1996, are reversed. The case is remanded with instructions to enter judgment in favor of all defendants.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-13-