# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3702

_____

| | | |
|---|---|---|
| Rolf A. Rosendahl, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Western |
| Margie Bontz; Fum; David Moore; | * | District of Missouri. |
| John Doe, CO II; Does, A-Z, | * | |
| inclusive, in their individual and or | * | [UNPUBLISHED] |
| their official capacities herein; Jesse | * | |
| Montemayor; Michael J. Carter; | * | |
| Terry Wynne; Darin Morgan; | * | |
| Richard Spackler, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: July 6, 2001

Filed: July 24, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Rolf A. Rosendahl appeals the district court's[1] adverse grant of summary judgment in his pro se 42 U.S.C. § 1983 action against various Western Missouri Corrections Center employees. Mr. Rosendahl claimed that defendants (1) retaliated against him for filing lawsuits and grievances by issuing him false conduct violations and placing him in administrative segregation, (2) denied him access to the courts by seizing and storing his legal materials, and (3) violated his free speech rights by opening an envelope containing a letter he wrote and then punishing him for the letter's contents.

Having reviewed the record de novo, we affirm for the reasons explained by the district court. See Davis v. Norris, 249 F.3d 800, 801 (8th Cir. 2001) (per curiam) ("Prisoners' First Amendment rights may be circumscribed if legitimate penological objectives outweigh preservation of their rights."); Rouse v. Benson, 193 F.3d 936, 939 (8th Cir. 1999) (standard of review); Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997) (there is no § 1983 liability based on prison officials' violation of prison policy; inmate must prove constitutional-right violation); Goff v. Burton, 91 F.3d 1188, 1191 (8th Cir. 1996) (to avoid liability on inmate's retaliatory-discipline claim, defendants must simply prove there was "some evidence" supporting their decision to discipline him; claim must fail if contested discipline was imposed for actual rule violation); Gassler v. Wood, 14 F.3d 406, 408 n.5 (8th Cir. 1994) ("prison officials do not commit constitutional violations by reading prisoners' nonprivileged mail").

Accordingly, we affirm. See 8th Cir. R. 47B.

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.