# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1848

_____

Robert Lee Bailey,                    *
                                      *
            Appellant,                *
                                      *
                                      *   Appeal from the United States
      v.                              *   District Court for the
                                      *   District of Minnesota.
Sgt. Andrew Schmidt; Officer          *
Garmen; E.R.U. Team, led by Sgt.      *   [UNPUBLISHED]
Young; Officer Blauert; Unknown       *
Officers; Sheriff Patrick McGowan;    *
Unknown Animal Control Officer;       *
David S. Nygren, ATF Special Agent;   *
David Boe, ATF Special Agent; Rapp,   *
FBI Special Agent; One Unknown        *
Agent, ATF,                           *
                                      *
            Appellees.                *

_____

Submitted: May 18, 2007
Filed: May 29, 2007

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Federal inmate Robert Lee Bailey appeals the judgment the district court[1] entered in the civil rights action he brought against federal agents, a sheriff, and City of Minneapolis law enforcement officers. We affirm.

City police, accompanied by federal agents, searched Bailey's residence pursuant to a warrant for evidence of prostitution, drugs, and guns. Based in part on evidence obtained from the search, Bailey was indicted on federal charges of being a felon in possession of a firearm and transporting individuals in interstate commerce for purposes of promoting prostitution. While his criminal trial was pending, he filed this action for damages against the officers involved in the search, claiming they conducted a warrantless search of his residence, used excessive force in arresting him and in killing his five pit bulls, and falsely arrested and detained him. He also claimed the sheriff conspired to detain him on later-filed charges of threatening witnesses.

Upon de novo review, *see Walker v. Bonenberger*, 438 F.3d 884, 888 (8th Cir. 2006) (summary judgment); *Carter v. Arkansas*, 392 F.3d 965, 968 (8th Cir. 2004) (Fed. R. Civ. P. 12(b)(6) dismissal), we first agree with the district court that the *Bivens*[2] claims against the federal defendants were subject to dismissal. Bailey made no specific allegations as to how these defendants personally violated any of his constitutional rights during the search, *see Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (there is no respondeat superior liability under *Bivens*; defendants are liable for their personal acts only), and his allegation that one agent denied him medical care was conclusory, *see id.* at 37 (conclusory charge that

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Susan Richard Nelson, United States Magistrate Judge for the District of Minnesota.

[2]*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

defendants were deliberately indifferent to plaintiff's serious medical needs did not state *Bivens* claim).

We also agree that the sheriff was entitled to summary judgment, as Bailey offered no evidence to support his theory that the sheriff conspired with others to detain him on false witness-tampering charges, *see Henthorn v. Capital Commc'ns, Inc.*, 359 F.3d 1021, 1026 (8th Cir. 2004) (mere allegations not supported with specific facts are insufficient to establish material issue of fact and will not withstand summary judgment motion), and the sheriff attested that he had no role whatsoever in Bailey's arrest on these charges or in any preceding investigation, *see Ottman v. City of Independence*, 341 F.3d 751, 761 (8th Cir. 2003) (supervisory liability under 42 U.S.C. § 1983 for violation of federally protected right occurs when supervisor is personally involved or when supervisor's corrective inaction constitutes deliberate indifference). Further, the sheriff's or his subordinates' alleged violation of jail policies does not result in section 1983 liability. *See Gardner v. Howard*, 109 F.3d 427, 430-31 (8th Cir. 1997).

Summary judgment for the City defendants was likewise proper. We conclude defendants were entitled to use some force under the circumstances: Bailey had crawled out a bathroom window during the search, and the search was partly for guns. *See Graham v. Connor*, 490 U.S. 386, 395-96 (1989) (constitutionality of force used depends upon facts and circumstances, including severity of crime at issue, whether suspect posed immediate safety threat to officers or others, and whether suspect actively resisted arrest or attempted to evade arrest by flight). Also, the medical records (showing Bailey suffered a rib contusion and some facial bleeding) belied Bailey's allegations that he suffered significant injury from the officers' actions. *See Wertish v. Krueger*, 433 F.3d 1062, 1067 (8th Cir. 2006) (relatively minor scrapes and bruises and temporary aggravation of shoulder problem were de minimis injuries and supported conclusion that officer did not use excessive force). We further conclude defendants did not act unreasonably in killing Bailey's dogs, given the uncontested

evidence that all of the dogs either advanced on or acted aggressively toward the officers. *See Altman v. City of High Point*, 330 F.3d 194, 206-07 (4th Cir. 2003) (officer acted reasonably under circumstances in killing dog that had not attacked anyone but had displayed aggressive behavior). Last, we conclude that defendants' production of signed copies of the search warrant precluded Bailey's claims of false arrest and false detention. *See Baker v. McCollan*, 443 U.S. 137, 144-46 (1979) (plaintiff who was arrested pursuant to valid warrant and detained in jail for 3 days despite his protests of mistaken identity did not state § 1983 claim).

We find no abuse of discretion in the denial of Bailey's three motions to amend, for Bailey neglected to submit with his first two motions a proposed amended complaint or to describe the substance of his amended claims; and amendment per the third motion would likely have prejudiced defendants, resulted in additional discovery, and delayed the proceedings. *See Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913-14 (8th Cir. 2002) (no abuse of discretion in denying motion to amend where plaintiff failed to specify proposed new allegations); *Thompson-El v. Jones*, 876 F.2d 66, 67-69 (8th Cir. 1989) (no abuse of discretion in denying motion to amend where grant most likely would have necessitated additional discovery and further delay). We also find no abuse of discretion in the district court's refusal to issue subpoenas, given Bailey's failure to explain the relevance of the requested witness testimony and documentary evidence. *See United States v. Oates*, 173 F.3d 651, 658 (8th Cir. 1999) (to warrant issuance of subpoena, party must show that subpoenaed document is relevant, is admissible, and has been requested with adequate specificity); *Williams v. Carter*, 10 F.3d 563, 566 (8th Cir. 1993) (decision to grant or deny subpoenas for indigent parties is within trial court's discretion).

Accordingly, we affirm the district court's judgment.

_____