**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-3444

_____

TYREE LAWSON,
                                    Appellant

v.

BANTA, SCI GRATERFORD DEPUTY SUPERINTENDENT; KELLY LONG, SCI
GRATERFORD/PHOENIX'S MAILROOM SUPERVISOR; SCI PHOENIX'S ENTIRE
MAILROOM UNKNOWN PERSONNEL, SUED IN THEIR INDIVIDUAL CAPACITIES;
MELISSA DELLIPONTI, COORDINATOR OF SCI GRATERFORD INMATE
EMPLOYMENT; JAIME LUQUIS, SCI GRATERFORD UNIT MANAGER;
SHAWN GRADY, SCI GRATERFORD UNIT COUNSELOR; GINA CLARK, SCI
GRATERFORD MAJOR OF GUARDS/UNIT

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:18-cv-03670)
District Judge:  Honorable Gerald A. McHugh

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 26, 2022
Before:  MCKEE, SHWARTZ and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  June 1, 2022)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Tyree Lawson, a Pennsylvania prisoner, appeals from orders of the United States District Court for the Eastern District of Pennsylvania that granted the defendants' motion for summary judgment and denied his motion for post-judgment relief. For the following reasons, we will affirm.

In 2018, Lawson filed a complaint pursuant to 42 U.S.C. § 1983, which he later amended, alleging that prison officials improperly interfered with his mail. (ECF 21.) In particular, Lawson alleged that the defendants improperly withheld a box of legal materials that he had sent to himself upon his transfer from SCI Forest to SCI Graterford; failed to properly handle correspondence with his friends and family; and intercepted a complaint that he addressed to a state court in March 2018 and forwarded it to the Pennsylvania Attorney General's Office. He named as defendants Deputy Superintendent Laura Banta and Mailroom Supervisor Kelly Long.[1] The defendants filed a motion to dismiss (ECF 25), which the District Court denied. (ECF 39.) Following discovery, which included taking Lawson's deposition, the defendants filed a motion for summary judgment. (ECF 59.) The District Court granted that motion, holding that Lawson failed to allege that the defendants were personally involved in handling his mail, that the uncontested summary judgment evidence established that his state court complaint had been duly filed and served, and that, for purposes of his access to the

---

[1] In his amended complaint, Lawson also brought new and separate claims against other defendants. Banta and Long filed a motion to sever those claims, which the District Court granted. (ECF 37.) Lawson does not challenge that decision on appeal.

courts and retaliation claims, he did not suffer an actual injury or establish a causal link between the alleged mail interference and the filing of the state court lawsuit. (ECF 65 & 66). Lawson filed a timely motion under Federal Rule of Civil Procedure 60(b)(3). (ECF 68.) The District Court denied that motion, which it also considered as raising a request for reconsideration under Federal Rule of Civil Procedure 59(e). (ECF 77 & 78.) Lawson appealed, challenging both orders.[2] (ECF 80).

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's order is plenary. See DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). We review for abuse of discretion the denial of relief under Rules 59(e) and 60(b)(3). See Max's Seafood Café ex rel Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999); Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 269 (3d Cir. 2002).

The District Court properly granted summary judgment on the basis that neither Banta nor Long had any personal involvement in the alleged interference with Lawson's

---

[2] We conclude that Lawson has provided documentation demonstrating that he timely submitted a notice of appeal. (Doc. 5, at 4-5); Houston v. Lack, 487 U.S. 266, 276 (1988). Because Lawson's Rule 60(b)(3) motion was filed within 28 days of the order granting the motion for summary judgment, this Court has jurisdiction to review both the summary judgment order and the order denying the Rule 60(b)(3) motion. See Lizardo v. United States, 619 F.3d 273, 275 (3d Cir. 2010) (holding that the time for taking an appeal is tolled during the pendency of a timely post-judgment motion); Fed. R. App. P. 4(a)(4).

mail. To state a claim under § 1983, a plaintiff "must establish that she was deprived of a federal constitutional or statutory right by a state actor." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). It is well settled, however, that liability under § 1983 may not be based on the doctrine of respondeat superior. See Durmer v. O'Carroll, 991 F.2d 64, 69 n.14 (3d Cir. 1993). Instead, the plaintiff must allege that the defendant was personally involved in the deprivation. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Id.

As the District Court correctly explained, there is no genuine issue of material fact regarding whether either Banta or Long had any personal involvement in the alleged interference with Lawson's mail.[3] In answering Lawson's interrogatories, Banta explained that her responsibilities did not include supervision of the mailroom, Banta Resp. and Obj., at 2 (ECF 59-6), and Lawson did not submit evidence that put that statement in question. By contrast, Long was responsible for overseeing the mailroom, but Lawson conceded in his deposition that he had no knowledge that Long interfered with his mail. See Lawson Dep., at 48-49, 75 (ECF 59-5). Instead, Lawson merely speculated that "someway, someone in this mailroom – someone in this mailroom knew what was going on and said, hey, let's … hold[] on to [Lawson's] property." Id. at 49. Although Lawson attempted to resolve the mail problems by sending request slips to

---

[3] To the extent that Lawson alleged that prison officials negligently interfered with correspondence with his family, he did not state a cognizable claim under § 1983. Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997).

4

Long and by speaking with Banta, a defendant's knowledge of a constitutional violation after it occurred is insufficient to show that she personally directed that violation or had actual knowledge of it at the time it occurred. See Rode, 845 F.2d at 1208 (holding that the submission of an after-the-fact grievance is "simply insufficient" to establish a defendant's knowledge of an underlying constitutional violation at the time it occurred). And there is no indication that defendants acquiesced in the alleged unconstitutional misconduct or failed to properly train subordinate employees. See Gilles v. Davis, 427 F.3d 197, 207 n.7 (3d Cir. 2005).

Moreover, even if Lawson could demonstrate that Banta and Long were personally involved in handling his mail, no relief was warranted on the mail-interference claims. Lawson alleged that he was denied access to the courts because a box of legal material that he sent to himself sat in the mailroom at SCI Graterford for several weeks in 2017 before being brought to his cell.[4] See Lawson Dep., at 50-55. To succeed on this claim, Lawson had to show actual injury, "such as the loss or rejection of a legal claim." Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997). Lawson alleged that the delay in receiving the box prevented him from framing interrogatories in a civil action and from using certain documents to reinterview a witness in a then-pending criminal case. See Lawson

---

[4] To the extent that Lawson asserted that the box was withheld in retaliation for filing a prior civil suit against officials at SCI Forest, he failed to show a causal link between the exercise of his constitutional rights and the action taken against him. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). As the District Court properly explained, Lawson "can only speculate that prison officials were even aware of his pending suit against an officer in an entirely different facility, and further speculate that, as prison employees, they held animus against him." (ECF 65, at 11.)

Dep., at 54-55. But Lawson's vague allegations failed to adequately explain how the deprivation of these materials thwarted his ability to pursue nonfrivolous claims in those cases.[5] See Monroe v. Beard, 536 F.3d 198, 205-06 (3d Cir. 2008) (explaining that to establish actual injury, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" (quoting Christopher v. Harbury, 536 U.S. 403, 416-17 (2002))).

In addition, the summary judgment record belies Lawson's allegation that a complaint he addressed to the Forest County Court of Common Pleas in March 2018 was opened in the prison mailroom and forwarded to the Pennsylvania Attorney General's Office. Lawson based this allegation on a letter he received in May 2018 from the Forest County Sheriff's Office, which is in charge of service on defendants, stating that it had not received the complaint. See Lawson's Dep., at 25-26. Lawson also found it suspicious that the defendants, who were represented by the Attorney General's Office, removed the case to federal court without being served. Id. at 26-27. As the defendants explained, however, the docket for the state court case indicates that the complaint was filed on March 24, 2018, and was served on April 26, 2018. (ECF 59-8, at 2 of 5.) A Sheriff's Return of Service form verifies that the complaint was served on April 26, 2018. (ECF 59-9.) And a declaration from the Superintendent's Assistant at SCI Forest confirms that service date and indicates that the complaint was forwarded to counsel for

---

[5] We note that discovery in the civil action extended beyond the date that the box of legal materials was delivered to Lawson. See Lawson v. Overmyer, W.D. Pa. No. 1:17-cv-00038 (ECF 42).

6

the Pennsylvania Department of Corrections. (ECF 59-3.) In light of this evidence, which also suggests that the state court lawsuit was initiated without any irregularities, the District Court properly concluded that no genuine issue of material fact existed concerning the filing and service of Lawson's state court complaint and that the defendants were entitled to judgment as a matter of law.

Finally, the District Court did not abuse its discretion in denying Lawson's motion under Rule 60(b)(3). To prevail on a Rule 60(b)(3) motion, Lawson was required to establish, by clear and convincing evidence, see Brown v. Pa. R.R. Co., 282 F.2d 522, 527 (3d Cir. 1960), that the defendants engaged in fraud or other misconduct and that this misconduct prevented Lawson from fully and fairly presenting his case, see Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983). In his motion and supporting filings, Lawson alleged that the defendants engaged in fraud by transcribing his deposition answers in a "manipulated misleading manner" (ECF 68, at 2), and by failing to provide him with a copy of their summary judgment motion.[6] (ECF 70, at 2.) The District Court properly concluded that Lawson did not meet his burden. His assertion that the defendants manipulated the transcript is pure speculation, and there is no indication that

---

[6] To the extent that Lawson's post-judgment filings were based on mere dissatisfaction with the District Court's assessment of the summary judgment evidence, he is not entitled to relief under Rule 60(b). See Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988) ("[A] Rule 60(b) motion may not be used as a substitute for appeal, and … legal error, without more, cannot justify granting a Rule 60(b) motion."), overruled on other grounds by Lizardo v. United States, 619 F.3d 273, 276-77 (3d Cir. 2010). Moreover, there was no basis to alter or amend the judgment under Rule 59(e) because Lawson did not identify a manifest error or present newly discovered evidence. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).

the defendants failed to serve Lawson with a copy of the motion for summary judgment.[7]

See Fackelman v. Bell, 564 F.2d 734, 737 (5th Cir. 1977) ("[W]e cannot say that it was an abuse of discretion for the district court to deny [a Rule 60(b)(3)] motion where the 'other misconduct' complained of is so highly speculative as it is in this case.").

For the foregoing reasons, we will affirm the District Court's orders.[8]

---

[7] We note that the stenographer provided a notarized certificate attesting to the transcript's accuracy (ECF 59-5, at 103), and that the summary judgment motion contained a proper certificate of service. (ECF 59, at 2.)

[8] Lawson's request that we "compel the disclosure of [an] … audio recording of [a] November 26, 2019, hearing and conduct a reasonable comparison to the falsified transcribed version[,]" is denied.